JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3314 PA (FMOx) | Date | April 21, 2011 |
|---|---|---|---|
| Title | County of Los Angeles v. Sahag-Mesrob Armenian Christian School | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**           IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant and counter-claimant Sahag-Mesrob Armenian Christian School ("Sahag-Mesrob") on April 19, 2011. According to the Notice of Removal, Counter-Claimant seeks to remove this action following plaintiff and counter-defendant County of Los Angeles's (the "County") dismissal of its state law claims in Los Angeles Superior Court. The Notice of Removal alleges that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331 because the Counter-Complaint alleges federal claims.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court . . . may be removed by the defendant or the defendants, to the district court of the United States . . . ." As such, courts have concluded that "[t]he right to remove a state court case to federal court is clearly limited to defendants." American International Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-3314 PA (FMOx) | Date | April 21, 2011 |
|---|---|---|---|

| Title | County of Los Angeles v. Sahag-Mesrob Armenian Christian School |
|---|---|

federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, as the Court determined when Sahag-Mesrob first attempted to remove the action in Central District Case No. CV 09-560 SVW (JWJx), the County's initial Complaint did not allege a federal claim.  Sahag-Mesrob now asserts that its Counter-Complaint, which alleges federal claims, provides a basis for removal.  This assertion, however, does not constitute a basis for removal.  Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal.  Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009); see also Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("Removal, therefore, cannot be based on a counterclaim or cross-claim raising a federal question.").

For the foregoing reasons, Sahag-Mesrob has failed to meet his burden of showing that federal question jurisdiction exists over this action and its Notice of Removal is improper.  Accordingly, this action is hereby remanded to the Los Angeles Superior Court, Case No. GC 42047.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.